2013R00027/ADC

FILED
U.S DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

2013 APR -3  P 12: 11

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. _ELH-13-0153_ |
| v. | : |
| ANTHONY SERING, | : (Conspiracy to Interfere with Commerce by Robbery, 18 U.S.C. |
| and | : §1951(a); Interference with Commerce by Robbery, 18 U.S.C. § 1951(a); Robbery |
| ANTHONY ALASCIO, | : Involving Controlled Substances, 18 U.S.C. § 2118(a); Carjacking, 18 U.S.C. §2119; |
| Defendants. | : Conspiracy to Possess with Intent to Distribute Controlled Substances, 21 U.S.C. |
| | : §846; Possession with Intent to Distribute Controlled Substances, 21 U.S.C. |
| | : § 841(a)(1); Using, Carrying, and Brandishing a Firearm During and |
| | : in Relation to a Crime of Violence and a Drug Trafficking Crime, 18 U.S.C. |
| | : § 924(c) ; Aiding and Abetting, 18 U.S.C. §2). |

...oOo...

## INDICTMENT

## COUNT ONE

The Grand Jury for the District of Maryland charges:

1.  Beginning on or about December 28, 2012, in the District of Maryland,

**ANTHONY SERING,**
**and**
**ANTHONY ALASCIO,**

the defendants herein, did knowingly, willfully and unlawfully combine, conspire, confederate

and agree with each other and other persons, known and unknown to the Grand Jury, to

knowingly and unlawfully obstruct, delay and affect commerce as that term is defined in 18

U.S.C. § 1951, and the movement of articles and commodities in such commerce, by robbery as defined in 18 U.S.C. § 1951.

## OBJECT OF THE CONSPIRACY

2. The object of the charged defendants and other co-conspirators was to enrich themselves by obtaining monies, controlled substances and other items of value such as the proceeds from the sales of items of value.

## METHODS AND MEANS USED TO FACILITATE THE CONSPIRACY

3. Among the methods and means used by the defendants and other co-conspirators to carry out the object of the conspiracy were the following:

    a. **DEFENDANTS**, obtained a firearm for the purpose of committing the offense of robbery.

    b. **DEFENDANTS**, traveled by automobile to rob the victims of monies in the form of United States Currency, controlled substances, and other items of value, and obtain the proceeds derived from the sale of the items of value.

18 U.S.C. § 1951

## COUNT TWO

The Grand Jury for the District of Maryland further charges that:

On or about December 28, 2012, in the District of Maryland,

**ANTHONY SERING,
and
ANTHONY ALASCIO,**

the defendants herein, did knowingly and intentionally obstruct, delay and affect and attempt to obstruct, delay and affect commerce as that term is defined in 18 U.S.C. § 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in 18 U.S.C. § 1951, in that the defendants did unlawfully take and obtain monies, controlled substances and other things of value from the person and presence of employees of the Med One Pharmacy, 710 Lisbon Center Drive, Woodbine, Maryland, against the employees' will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employees' persons by threatening serious physical injury or death to said employees.

18 U.S.C. § 1951(a)
18 U.S.C. §2

3

## COUNT THREE

The Grand Jury for the District of Maryland further charges that:

On or about December 28, 2012, in the District of Maryland,

**ANTHONY SERING,**
**and**
**ANTHONY ALASCIO,**

the defendants herein, did, without authority, take and attempt to take from the person and presence of another by force and violence and by intimidation a material and compound containing a quantity of controlled substances, having traveled in interstate and foreign commerce and belonging to and in the care, custody, control, and possession of persons employed by the Med One Pharmacy, 710 Lisbon Center Drive, Woodbine, Maryland, a business premises and property of a person registered with the Drug Enforcement Administration under Section 302 of the Controlled Substances Act.

18 U.S.C. § 2118(a)
18 U.S.C. §2

## COUNT FOUR

The Grand Jury for the District of Maryland further charges that:

On or about December 28, 2012, in the District of Maryland, the defendants,

**ANTHONY SERING,
and
ANTHONY ALASCIO,**

with the intent to cause death and serious bodily harm, did by force, violence and intimidation take from the person and presence of another, E.E., a motor vehicle that had been transported, shipped and received in interstate commerce, specifically, a Honda Civic automobile.

18 U.S.C. § 2119
18 U.S.C. §2

## COUNT FIVE

The Grand Jury for the District of Maryland further charges that:

On or about December 28, 2012, in the District of Maryland,

**ANTHONY SERING,
and
ANTHONY ALASCIO,**

did knowingly and willfully combine, conspire, confederate and agree with one another and with others known and unknown to the Grand Jury to distribute and possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of controlled substance listed in Attachment A and incorporated herein.

21 U.S.C. § 846

## COUNT SIX

The Grand Jury for the District of Maryland further charges that:

On or about December 28, 2012, in the District of Maryland,

**ANTHONY SERING,
and
ANTHONY ALASCIO,**

the defendants herein, did knowingly and intentionally possess with the intent to distribute a quantity of a mixture or substance containing a detectable amount of a controlled substance listed in Attachment A and incorporated herein.

21 U.S.C. § 841(a)(1)
18 U.S.C. §2

## COUNT SEVEN

The Grand Jury for the District of Maryland further charges that:

On or about December 28, 2012, in the District of Maryland,

**ANTHONY SERING,**
**and**
**ANTHONY ALASCIO,**

the defendants herein, did knowingly and intentionally use, carry, and brandish a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, to wit: Conspiracy to Interfere with Commerce by Robbery, as set forth in Count One of this Indictment, and Interfering with Commerce by Robbery, as set forth in Count Two of this Indictment, Robbery involving controlled substances, as set forth in Count Three of this Indictment, and Carjacking, as set forth in Count Four of this Indictment, which counts are incorporated herein by reference; and during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit: Conspiracy to Possess with the Intent to Distribute Controlled Substances, as set forth in Count Five of this Indictment, and Possession with Intent to Distribute Controlled Substances, as set forth in Count Six of this Indictment, which counts are incorporated herein by reference.

18 U.S.C. § 924(c)
18 U.S.C. §2

ROD J. ROSENSTEIN
UNITED STATES ATTORNEY

A TRUE BILL:

**SIGNATURE SIGNATURE REDACTED**

FOREPERSON

4-3-13
DATE

8

## Attachment "A"

| | |
|---|---|
| Oxycodone Hydrochloride | Schedule I Controlled Substance |
| Methylphenidate Hydrochloride | Schedule II Controlled Substance |
| Morphine Sulfate | Schedule II Controlled Substance |
| Oxycodone Acetaminophen | Schedule II Controlled Substance |
| Dextroamphetamine Sulfate | Schedule II Controlled Substance |
| Hydromorphone Hydrochloride | Schedule II Controlled Substance |
| Hydromorphone | Schedule II Controlled Substance |
| Suboxone | Schedule II Controlled Substance |
| Diazepam | Schedule IV Controlled Substance |
| Lorazepam | Schedule IV Controlled Substance |
| Alprazolam | Schedule IV Controlled Substance |